WILLIAM AND ALBERT THATCHER v. HARLAN AND HOLLINGSWORTH.

A party in possession of goods belonging to another with a particular charge and a specific lien therefor, for work done upon them, ought to apprise the owner of such demand, for which he claims the right to detain them, at the time of his refusal to deliver them, and if the goods were then detained on a different ground from that which is afterward relied on at the time of the trial for the recovery of the possession of them by the owner, it will operate as a waiver of the lien and the right of the party to detain them, on the trial.

If, however, the party has a lien on the goods for a particular charge, as for work performed upon them, and also a general balance of account for other demands against the owner, for which he has no lien, he will not

be held to have waived his lien for the former amount, on the trial, if at the time of the demand and his refusal to deliver them, he specially mentioned or referred to the particular charge for which the lien existed, as a ground on which he claimed the right to detain them; although he may at the same time have insisted on detaining them for other claims for which he had no lien, or until the payment of the whole balance of his general account against the owner. But in such a case by claiming to detain the goods for the general balance, without mentioning, or specially referring to the particular charge for which the lien attached, he will be held to have waived his lien for the latter sum, and the owner may thereupon recover the possession of the goods in an action of replevin, without paying, or tendering that amount. It is not necessary, however, in such case, to name and specify the amount of such particular demand; but there should be some special mention, or suggestion made of it at the time of the demand and refusal, to apprise the owner of the existence of such lien and demand, and to make it appear that the party claimed to detain the goods upon a ground on which he had a legal right to detain them at the time.

This was an action of replevin for the wrongful detention of a steam boat boiler which the defendant claimed to detain by virtue of a specific lien upon it for work and labor done on it. The boiler originally belonged to the Cape Henlopen Steamboat Company of whom the defendants, who were engine-makers and machinists, received it, and who had performed certain work upon it at the request of the company, for which they had a small charge amounting to about five dollars. Whilst thus in the possession of the defendants, the boiler was levied upon and sold on execution process against the company at the suit of a third party, and was bought by the plaintiffs at the sale of it by the sheriff. At the time of the sale, the company was also indebted to the defendants on account in a much larger amount for other charges against it, but which had no relation to the boiler in question. After the sale of it to the plaintiffs by the sheriff, they made a formal demand upon the defendants for the boiler, who refused to deliver it, until they were paid the whole amount of their account against the company. The plaintiffs made no tender of the amount of the charge for the work done on the boiler, nor of any other sum to the defendants.

To the declaration there was the following plea, that the said company had delivered the said boiler into the possession of the defendants in the course of their business to have certain work done upon it for the benefit and improvement of it, which had been performed by them; that the company was still indebted to the defendants for the work done upon the boiler, and that they had a lien upon it for the amount of that particular charge, and that they had detained it until the payment thereof, as they might lawfully do. To this plea the plaintiffs replied that at the time of the demand for the boiler and the refusal to deliver it, the defendants claimed the right to detain it by virtue of an alleged lien and claim for a general balance of money then due to them from the company, until that balance was satisfied, but did not then claim the right to detain it for the particular charge due for the work performed upon the boiler, and did not then name and specify to the plaintiffs their claim and lien for the said charge and the amount thereof, whereby they waived their supposed right to detain the said boiler for the said charge for their work and labor done thereon. To this replication the defendants demurred generally, and the case now came up for argument on the demurrer.

*Patterson*, for the defendants: The replication of the plaintiffs was double, that is to say, it comprised two distinct matters of defence and was therefore demurrable for duplicity. Because it alleged that the defendants claimed to retain the possession of the property in question, for a general balance of account which they had against the company, and also that they did not claim the right to detain it by virtue of their lien for their special charge for the work done upon it specifically. Either allegation, if true, would have been a sufficient answer to the plea, and as two or more distinct grounds of defence could not be included in the replication, it was defective for that reason.

The replication, however, proceeded further, and as-

sumed that it was not only incumbent upon the defendants at the time of the demand and refusal, to rest their right to retain the possession of the boiler in virtue of their lien for the work done upon it, but also to name and specify the amount of their charge for the work. That he denied ; for it was sufficient for the defendants, if they had such a lien at the time of the demand and refusal, to claim to retain the possession of the property, even for a general balance of account due them from the company, without naming or referring to the particular charge for work done upon it, if that charge was in fact, embraced in the general balance of the account, and was not inconsistent with the general claim and right to retain, insisted on at the time of the refusal to deliver it. Because the demand of a general balance including the particular sum for which the lien had specifically attached, did not dispense with the necessity on the part of the owner of the goods detained, of tendering the latter amount before he could insist on a delivery of them. *Cross on Lien* (46 *Law Libr.* 46). *Scarfe v. Morgan,* 4 *Mees. and Wels,* 270. *Add. on Contr.* 1177. The lien was not waived by the mere omission of the party to put his refusal to deliver the goods on the ground of the special charge for which he had the lien. The principle of law which would not permit a party at the trial to set up a distinct ground of refusal to deliver the goods without a tender, from that assumed at the time of the demand made upon him, applied only in the case where he asserted his right to retain on some other distinct and inconsistent ground at the time of the demand, and not when he merely omits to rest it on the ground relied on at the trial. *Everett v. Coffin and Cartwright,* 6 *Wend,* 603. In the case before the court, the charge for the work done on the boiler, for which it was conceded, the defendants had a valid and subsisting lien upon it at the time of the demand and refusal, was included in their general account against the company, and inasmuch as it was admitted in the replication that they had placed their refusal to deliver the

property in dispute at the time of the demand, on the ground of the whole balance due them on that general account, including the particular charge in question, and claimed the right to retain until that whole balance was satisfied, he contended on the authority of the cases cited, that it was competent for the defendants afterwards to avail themselves in the pleadings and on the trial of the case, of their lien for the specific charge for work upon the boiler, and that consequently they were entitled to judgment on the demurrer.

*J. A. Bayard,* for the plaintiffs : In England the question of law presented in this case, had arisen in actions of trover, not of replevin, as in this instance, owing to the more liberal use of the latter form of action here than there, and until the new rules of pleading were adopted in that country, the question always arose under the general issue, or plea of not guilty in trover. But the legislature having recently extended the remedy by replevin to cases of the wrongful detention of goods merely, this action was instituted to recover the specific chattel; the general property in which was in the plaintiffs by virtue of the sale by the sheriff, whilst the defendants had a special property in it, or in other words, they had a right to retain the possession of it, until they were paid, or tendered the amount of their demand for work, or repairs done upon it, and for which they had a specific lien upon it to that extent and no further. It was admitted on the other side, that the defendants had no lien upon the boiler for the balance of their general account against the Steamboat Company; they insist, however, notwithstanding that admission, that the mere omission of a party to assert his lien, or right to retain the good for a special demand for which he has a specific lien upon them at the time of his refusal to deliver them, does not operate as a waiver of the lien, nor, unless he places his refusal to deliver on some other ground inconsistent or incompatible with such a demand. But it was admitted by the pleadings in

this case, that at the time of the demand made upon them by the plaintiffs, the defendants claimed and relied upon a legal right which they supposed they had, to retain the possession of the boiler, until they were paid the entire balance of their general account, and therefore they asserted in effect, a lien upon it for that general balance, which had no existence in law.  Well, was not this resting the right to detain the goods on a ground wholly inconsistent with the claim of a specific lien for repairs upon it, which at the time was good and valid in law ? Nor did it follow as a matter of course by any means, that the general balance referred to, included the particular charge for the work on the boiler.  It might, or it might not have been so ; at all events, it was no where alleged, nor did it appear as the case then stood before the court, that the latter sum was embraced in the former.

The principle of law applicable to the case was this ; if the party at the time of the demand, bases his refusal to deliver on any ground whatever, he will not be allowed to rest his claim to retain the goods on a different ground in the action.  *Boardman v. Sill,* 1 *Camp.* 410.  *Jones v. Tarlton,* 9 *Mees. and Wels,* 675.  If the defendant demands more than is due, as for a general balance, when only a particular sum is due, it will operate as a waiver of the lien and dispenses with the necessity of a tender from the other party.  *Jones v. Cliff,* 24 *Eng. C. L. R.* 455.  *Thompson et. al. v. Trail et al.* 13 *Eng. C. L. R.* 103.  *Dirks v. Richards,* 43 *Eng. C. L. R.* 298.  In the case last cited, the specific lien was for a charge of five shillings for ware-house rent on a painting which another party had deposited in it, but the defendant at the time of the refusal to deliver it, demanded the payment of a claim of eight pounds which he had against the same party, and the court held that it constituted a waiver of his lien and dispensed with the necessity of a tender of the five shillings.  The ease of *Scarfe v. Morgan* 4 *Mees. and Wels,* 270, cited and so much relied upon on the other side, it was not necessary to controvert, although a doubt might well

be suggested as to the propriety and soundness of that decision; for if attentively examined and carefully considered, it would not be found to be in conflict with the principle he had stated, the construction for which he had contended, and the cases he had cited. There was, it was true, some apparent obscurity and uncertainty in the statement of the facts of the case by the reporter, but there was enough disclosed to show that in that case, the defendant expressly stated and demanded the payment of the particular charge for which he had a specific lien on the goods, although he coupled with it other charges for which he had no lien, and the court ruled in consideration of this fact, that it did not operate as a waiver of the lien, or dispense with the necessity of a tender of the amount of that particular charge. But in the case before the court, there was no mention whatever made at the time of the demand and refusal, of the charge for the work done upon the boiler, nor did the defendants allude in the slightest degree, to that particular sum as one of the grounds on which they insisted upon their right to retain it, for if they had, the plaintiffs would doubtless have promptly paid, or tendered the amount of it, as it was too small to admit of a moment's hesitation, or delay, or to become with them the subject of even an after-thought. On the contrary, the defendants claimed to retain the property for the general balance of their account against the company, without stating any sum or item in it, which was of far greater amount, and which the plaintiffs were neither willing, nor bound to pay in order to obtain the possession of it.

As to the objection which had been raised to the concluding averment contained in the replication, that the defendants did not specify and name the amount of their charge for work on the boiler at the time of the demand and refusal, it was at most, but surplusage, and as the replication was sufficient and good without it, and the allegation was both immaterial and unnecessary, it might be rejected as such.

*D. M. Bates*, for the defendants : It was admitted that the defendants had a lien on the boiler for the work done upon it, but it was insisted by the plaintiffs in their replication, that there was an implied waiver of this lien by the defendants, because they did not base their refusal to deliver it at the time of the demand made upon them for it, on their legal right to retain the possession of it until their charge for that work, at least, had been paid; the plaintiffs also, go further in their replication and add that the defendants " did not then and there name and specify to the plaintiffs their claim and lien for the said debt and the amount thereof." The plaintiffs therefore, assumed in their replication, that it was not only the duty of the defendants at the time of the demand and refusal, to assert their claim or lien for that particular charge, but also, that it was their further duty at the same time, to specify and name the amount of it to the plaintiffs. The court would observe that neither the duty, nor the averment alleging it, was stated in the alternative, but was direct and positive and additional to the duty before alleged, and consequently it constituted a material and integral part of one entire replication, and could not be separated from that which preceded it. Viewing it in that light, he should take issue with the learned counsel for the plaintiffs, on that point in the case, and should contend that the mere omission of a party under such circumstances, to assert his lien, or to name the amount of the demand for which it existed, would not work a waiver, or forfeiture of his lien, or right to retain the goods, unless information perhaps, should be specially asked of him in regard to the matter, although if asked for, and he intentionally misstated or misrepresented it, he would be willing to concede that it might present a very different question ; for the principle of waiver in such cases, did not proceed upon the idea of punishing, or subjecting the party to a loss, or forfeiture of his right to retain the goods, if he did not insist upon his lien at the time of the demand made upon him for them, and thus to con-

24

strain him to apprise the other party of the special ground on which he claimed that right, nor did it rest on any of those equitable considerations which supported the doctrine of estoppel, as fraud, or remaining silent when it is one's duty to speak and give information unasked; but it rested solely on the ground of a voluntary abandonment, or relinquishment by the party, of his right to retain the goods until the satisfaction of his debt, and was liable to be rebutted, explained, or denied, like any other presumption of fact arising by mere implication of law. He therefore maintained that it was not even incumbent upon the defendant at the time of his refusal to deliver the goods, to assert his lien, or claim, as the ground on which he retained them, much less, to state and specify the amount of his demand, and if he remained entirely silent and said nothing about it, one way or the other, it still would not operate as a waiver of the lien, nor preclude him from afterwards setting up such a claim, as a good and valid defence to an action to recover the possession of the goods from him.   In support of this position he would *cite Cross on Lien* 45.  *Add. on Contr.* 1177.  *White v. Gainer*, 9 *Eng. C. L. R.* 302.  *Owen v. Knight*, 33 *Eng. C. L. R.* 237.  *Everett v. Coffin et al.* 6  *Wend*, 603.  *Buckley v. Hanby*, 2 *Miles' Rep.* 449.

But a demand for a general balance due without reference to the subject matter of a specific lien as in this case, was not a waiver of the lien, if the general balance insisted on, did in fact include the charge for which the lien attached, unless it was attended with some circumstance that would have the effect to dispense with the necessity of a tender on the part of the plaintiff.   Because the general balance in such a case, was not inconsistent with, or repugnant to, the special matter of the lien.   A general balance, of course, was not necessarily such, for it might embrace the particular debt for which the lien existed: an excessive claim merely was not repugnant to such a demand.   But where the claim was of such a nature, as to be incompatible with the latter, or to negative

the idea of any lien whatever, and which could not put
the party on inquiry as to the special charge to which the
lien applied, then the rule was otherwise; for in such a
case it would operate as a waiver of the lien.    Where,
however, the claim to retain the goods for a general bal-
ence included the particular charge for which the lien ex-
isted as before stated, it was not a waiver of the right to
retain for the latter afterward, unless the defendants at
the time expressly dispensed with a tender of the latter
amount by the plaintiff, and not one of the cases cited on
the other side would be found to militate against the
soundness of that proposition; and he said this after hav-
ing carefully read and examined every one of them.    In
several of the cases cited, where the claim was for a gener-
al balance with a specific lien for a part, and where the
party demanding the goods, expressed a willingness to
pay that portion of the claim, but not the whole, it would
be found that the decision proceeded on the ground of
a waiver of the tender for that amount, and not upon the
ground of the waiver of the lien itself.    As where the
party demanding the goods expressed his willingness to
pay the party detaining them, that part of his account, or
claim, for which he had a valid and subsisting lien, and
the other replied that he need not offer it, for he would
not accept a part, nor deliver the goods, unless he was paid
his whole account; in such a case, the Courts have observ-
ed that the conduct of the defendant dispensed with the
necessity of a tender by the plaintiff of the sum for which
the lien existed, but they had not said even in such cases,
that it would operate as a waiver of the lien itself.    And
it was on this distinction between a waiver of a tender
and the waiver of the lien, that the decision in several of
the cases referred to, had proceeded.    Of that character
was the case of *Jones v. Tarleton* 9 *mees, and Wels.* 675.
*Dirks v. Richards*, 43 *Eng. C. L. R.* 298, as well as other
cases which had been cited on the other side.    In support
of the distinction last taken he also referred to *Green v.
Shewell, Cross on Lien* 47.

*Houston J.*, delivered the opinion of the Court: In one respect, at least, the case before the Court differed from any which had been cited in the argument; for whilst in the cases referred to, the action was in trover and the question arose on the evidence in a trial at bar, in the case then before them, the action was replevin for a wrongful detention under the statute, in which the question had been entirely eliminated and developed in the pleadings on the record and was now presented for the consideration of the Court on a general demurrer in which they had resulted. He adverted to this circumstance in passing, not for the purpose of suggesting that it presented any substantial distinction in principle between the cases, but merely to note the fact, that the question appeared now for the first time to have arisen in this well defined and specific form for the consideration and decision of the Court.

As the effect of the demurrer was to admit the allegations contained in the replication, and the replication itself admitted the allegations contained in the plea, the simple question presented for the consideration of the court was, whether the defendants who had a specific lien on the property in question for work done upon it, and also other charges against the former owners of it, but which had no connection with, or relation to, the particular article in question had waived, or lost their lien, or right to detain it against the plaintiffs in the present action by refusing at the time of their demand to deliver it to them, until the whole of their account was satisfied, without naming their charge for the work done upon it, or insisting upon their lien or right to retain it for that particular sum among other matters of account then due them from the previous owners of it, who had placed it in their possession for repair in the way of their usual business and employment. Whilst thus in possession of the boiler, the plaintiffs succeeded to the right of the former owners, the steamboat company, by their purchase at the sale of it by the sheriff, and now stood in the same

relation to the defendants with regard to it, which the Company held prior to the sale. After their purchase, the plaintiffs made a formal demand upon the defendants for the property, but without tendering them the amount of their charge for work done upon it, and the defendants refused to deliver it, until they were paid the balance of a general account for a much larger amount which they had against the company at the time of the sale by the sheriff; but without making any mention of their special demand for the repairs done upon it, or of their specific lien, or right to retain the possession of it until they were paid or tendered that particular sum. And such being briefly the facts of the case, the question now presented was whether the defendants, by so doing, had waived their lien and lost their right to detain the boiler for the amount of that particular claim, or might now avail themselves of it, the same not having been paid, or tendered to them by the plaintiff, as a good defence in the present action.

The general principle of law in regard to specific liens of this nature, and the right of a party to detain goods under a claim of this character, had long been understood and was well established. *Boardman v. Sill*, 1 *Campb.* 410. ( *note* ) in the time of Ld. Ellenborough, was an early and leading case on this subject, in which it was ruled that inasmuch as the goods in question had been detained on a different ground from that which was set up at the time of the trial, and as no mention had been made at the time of the demand and refusal to deliver the goods, of the charge for which the lien then existed, the defendant must be taken to have waived his lien and dispensed with the necessity of a tender by the plaintiff for that amount. And to the same effect were the subsequent cases of *Thompson et al. v. Trail et al.* 13 *Eng. C. L. R.* 103. *Jones v. Cliff*, 24 *Eng. C. L. R.* 455. *Dirks v. Richards*, 43 *Eng. C. L. R.* 298. *Jones v. Tarleton* 9 *Mees. and Wels.* 674. *Cross on Lien*, stated the general rule on the subject in the following terms. " A party having rightful possession of

goods under a claim of lien, ought to state the nature of such claim and the amount for which he detains the goods at the time when repossession is demanded. Retention on a ground inconsistent with the existing right, without any claim in respect of the amount under which a person may legally withold them, operates as a waiver of the lien and trover will lie for the recovery of the goods without evidence of any tender of the latter amount," 34 *Law Libr*. 46.

It had been argued, however, on behalf of the defendants that this was the rule only, when the two claims were in their nature inconsistent, or incompatible with each other; but that such was not the rule where the larger claim, as for a general balance, in fact included the minor, or special charge for which the lien existed; or in other words, to insist upon detaining the goods for an excessive demand merely, for which the party had no right to detain them, would not operate as a waiver of the lien for a particular charge, for which the party had at the time a legal right to detain them, unless they were so different in their nature, as to be positively inconsistent with each other, or the party withholding the goods, did something to dispense with the necessity of a tender of the latter sum by the party demanding them and notwithstanding no mention whatever was made of the particular charge at the time of the refusal to deliver them. For which we were referred to the authority of *Scarfe v. Morgan*, 4 *Mees. and Wels*, 270. *Everett v. Coffin and Cartwright*, 6 *Wend*, 603. *White v. Gainer*, 9 *Eng. C. L. R*. 302. *Owen v. Knight* 33 *Eng. C. L. R*. 237. *Buckley v. Hanby*, 2 *Miles' Rep*. 449. *Green v. Shewell, Cross on Lien*, 34 *Law Libr*. 47. *Add. on Contr*. 1177. *Cross on Lien*, 32 *Law Libr*. 45. But after a careful consideration of those authorities the court could not perceive that they materially modified the principle as stated and ruled in the earlier cases, or sustained to the extent claimed for them, the construction contended for by the learned counsel for the defendants.

It was evident from the report in the case of *White v. Gainer*, that the court considered that the reply of the defendant at the time of the demand and refusal, although general in its character, had direct reference to his claim for which the lien existed, and to nothing else, and therefore held that a tender of the amount of it was necessary on the part of the plaintiff. The next case cited of *Owen v. Knight*, was not in point, because it was not a case of a general balance of account with a particular charge and a specific lien as to the latter, for work done upon the article demanded, but was merely the case of an indenture deposited as a pledge, or security by special agreement, for a loan of money advanced upon it, in which none of the court, except *Vaughan J.*, alluded at all to the principle involved in the present case; and what he said concerning the case of *White v. Gainer*, clearly implied that he considered it as agreeing in principle with the case of *Boardman v. Sill*, for he referred to that case also for the same purpose, although neither of them would be found on examination, to sustain the remark which he was reported to have made in relation to them. In the case of *Green v. Sewell* cited from *Cross on Lien*, 34 *Law Libr.* 47, the claim of lien was for repairs on a carriage, some of which had been ordered, but some had not, and it was held that an unsevered claim for the whole of the repairs was no waiver of the lien for the amount actually due. But the case was clearly distinguishable from the one before the court, because in that case the charges were all for work performed upon the carriage, and it would neither be reasonable nor just that a person should forfeit his lien for the work which he was ordered to do, by doing more than he was directed, for its benefit and improvement and demanding payment for the whole, although he might not be entitled under the circumstances to any remuneration for the excess. The court therefore held, and very properly we think, that it was the duty of the plaintiff in that case, to tender the amount due for the repairs which were ordered, and for which the de-

fendant had a valid lien on the carriage at the time of his refusal to deliver it.

But the leading case on the subject and the one which had been most pressed and commented on in the course of the argument, as sustaining the distinction taken by the defendants, was that of *Scarfe v. Morgan*, 4 *Mees. and Wels*, 270. The court had consequently examined it with care and attention and were of opinion that it also failed to sustain their point, and differed in one material respect, at the least, from the case then before them for their decision. For it was obvious both from the statement of the case by the reporter and from the remarks of *Parke B.* in announcing his opinion, that in that case the defendant had a particular charge amounting to the sum of eleven shillings for which he had a good and subsisting lien on the property in question, and that he specially and expressly mentioned that particular sum, as one of the items of his demand at the time of his refusal to deliver it to the plaintiff, although he claimed at the same time, the right to detain the property for other items, or for a general balance and for a larger amount than his lien covered. And it was in consideration of that fact, that the defendant did expressly mention this particular charge and assert his right to retain the goods for that demand as well as for other and further claims for which, however, he had no specific lien on the chattel in question, that the court held that he had not waived his lien for that particular charge, nor dispensed with the necessity of a tender of that amount by the plaintiff. And the same observation would apply with equal justice and propriety to the case of *Everett v. Coffin and Cartwright* cited from 6 *Wend.* 603, for it distinctly appeared in the report of that case also, that the specific charge for which the defendants had a good and valid lien, and which was included in their general claim against the plaintiff for which they had no lien, was expressly mentioned by them at the time they asserted their right to retain and refused to deliver the cargo, until their whole demand

was satisfied In this latter case the particular charge was for freight and average, and for money expended in the transhipment of the cargo, for which they had a specific lien upon it, until the same were paid, and in delivering their opinion the court notes the fact that these charges were expressly stated by the defendants as a part of their demand at the time they claimed the right to detain the cargo ; and it was accordingly ruled that they had not waived their lien, or right to retain the goods until the amount of those particular charges was satisfied, or tendered to them.

The court was therefore of the opinion, that the only principle fairly deducible from a consideration and comparison of all the cases referred to, was this ; that notwithstanding a party having a specific lien on goods in his possession for work and labor performed upon them, cannot, as a general thing, be permitted on the trial to rest his refusal to deliver them on a different and distinct ground from that on which he claimed a right to detain them at the time of the demand and refusal, and if at the time of such demand and refusal he insisted on detaining the goods for a general balance of account merely, or for a claim for which he had no specific lien upon them, he could not afterwards in an action for them, claim a right to retain them for a particular charge for which he had such a lien upon them, yet the rule was subject to this exception, that if he had a general claim against an owner of the former character including a particular charge of the latter description and he specially states or mentions the latter demand at the time of his refusal to deliver them and asserts his right to detain them for that amount and also for the general balance, or general account including such particular charge, it would not operate as a waiver of his lien for such particular charge so specially mentioned or referred to by him, and no action could be maintained against him for the goods in such a case, without a previous tender of that amount, at least, to him. But if on the contrary, a party having such a particular

25

and general demand, should claim the right to detain the goods until his general demand had been paid him, without any mention of his particular claim at the time of his refusal to deliver them, he will be held thereby to have waived his lien for the particular charge upon them. It was scarcely necessary to add that the case before the Court did not come within the scope of this exception, because the defendants had not only failed to make any mention of, or allusion to their particular charge for the work done upon the article in question, at the time of their refusal to deliver it upon the demand of the plaintiffs, but it did not even appear that the particular charge referred to was embraced at that time in the general balance of account which they then had against the steamboat company.

And the Court considered this ruling not only in accordance with the principle to be extracted from the authorities cited, but that it was in accordance with the reason and propriety of the principle itself. The owner of the goods had the general property in them, while the party having the possession for a particular purpose and such a specific lien upon them, had but a limited, or special property in them, that was to say, a right to retain the possession of them until the amount of his particular debt had been paid, or tendered to him ; and as the extent of his lien was the measure of his right to detain, it would be his duty to apprise the owner at the time of the demand and refusal, of the existence of such a claim, although the later cases hold that he would not be considered in that case, as having waived his lien, if at the same time, he demanded more than he had a legal right to detain for, and that it would not dispense with the necessity of the payment, or tender by the owner, of the particular demand for which the lien rightfully attached to the goods. And if the original owner in such a case, was entitled to such notice, *a fortiori*, would a subsequent purchaser of the goods who succeeded to his rights, as in the present case, without any particular knowledge perhaps, of these pre-

existing demands against the company, be entitled to such notice.

The view of the case just presented, would sufficiently dispose of the other points raised in the argument for the defendants, to render it unnecessary to refer more particularly to them. There was one distinction, however, taken by Mr. Bates, which claimed attention for a moment. It was that which he predicated upon the difference, more apparent than real, between the practical effect of a waiver of his lien by a defendant in such a case as this, and his waiver, or dispensing with the necessity of a tender by the plaintiff before the action was commenced. It was true that each of these phrases were to be met with in the cases decided on this subject, and some times under a change of circumstances which would seem to import a substantial difference between them both in principle and effect. But they were after all, but equivalent and convertible terms, and imported in point of fact, one and the same thing. Whenever the circumstances were such as to constitute a waiver of the lien by the defendant, they at the same time so operated as to dispense with the necessity of a tender by the plaintiff; and the converse of the proposition was equally true, that when the circumstances proved were such as to dispense with the necessity of a tender by the plaintiff, the lien of the defendant was waived. The one was but the consequence of the other, and they must appear, or disappear together.

As to the objection which had been taken to the replication on the score of duplicity, it would appear for the reasons already stated, that it did not apply in principle to the ruling in this case, and even if the court were of a different opinion in regard to the law of the case, the exception could not avail the defendants on a general demurrer; and this would dispose also of the further objection taken to the replication on the ground of the averment stated in the conclusion of it, that the defendants " did not then and there name and specify the amount

thereof," meaning their particular demand for which they had a lien on the boiler. The court did not mean to say, or rule, however, that where there was a general balance without a lien, including a particular charge for which there was a lien, it would be necessary for the party to state or specify the exact or precise amount of the latter, to prevent a waiver of his lien on a demand and refusal to deliver the goods. All the court meant to say on that point was, that they considered it a principle fairly deducible from all the precedents in regard to it, that in such case there should be some special reference or allusion made by the party at the time of the demand and refusal to the particular charge in question, although accompanied with other and general charges, in order to show that he claimed to detain the goods for that debt by virtue of a valid specific lien upon them and upon a ground on which he had at the time, a legal right to detain them. The plaintiffs might therefore have alleged this matter in their replication, with more particularity and certainty than was actually necessary. The preceding part of the replication, however, contained all that was material and was sufficient without it, and which was admitted, of course, by the demurrer; it might therefore be rejected as mere surplusage under the familiar maxim in pleading of *utile per inutile not vitiatur*. Had the facts of the case warranted the defendants in rejoining (instead of demurring generally to the replication) that at the time of the demand and refusal they did claim to detain the article in question for work and labor performed by them upon it, and for which they had not been paid, and the plaintiffs had alleged and objected in answer to this, that they did not name and specify the amount of such particular charge and a general demurrer had been entered to that, it would then have presented this allegation in a very material as well as in a different point of light from that in which it then stood upon the record. But upon the facts of the case, this was not, and could not be done.

Judgment was therefore directed to be entered on the demurrer for the plaintiffs in the action.